BRISEN STILLWELL, Plaintiff in Error, *v.* THOMAS BOWLING, Defendant in Error.

*Contract—Sale—Delivery.*—In a contract for the sale of goods to be delivered at a future day, where the place of delivery is not fixed by the terms of the contract, it is the duty of the seller to tender the goods at the residence or place of business of the purchaser; or if the goods be inconvenient to transport, he must seek the vendee a reasonable time before the day of delivery, and ask him to appoint the place of delivery.

*Error to Hannibal Court of Common Pleas.*

*W. P. Harrison* and *E. B. Ewing,* for plaintiff in error.

There is no specific place in Hannibal named for the delivery of said hogs, in said contract; but there is a specific time, viz., on or before the first day of January, 1856. In the absence of a particular place being specified for the delivery of said hogs, the law fixes a place. The first act has to be performed by the seller. He must then take the articles sold to the purchaser's residence, or place of business, and offer to deliver them there if they are portable ; and if not, then he should seek the purchaser and ascertain from him where he wants the articles sold, delivered. By doing that he puts the purchaser in default, but not until then. (Barr v. Myers, 3 Watts & Sarg. 295 ; Currier v. Currier, 2 N. H. 75; Goodwin v. Holbrook, 4 Wend. 380; Lobdell v. Hopkins, 5 Cow. 516; Roberts v. Beatty, 2 Penn. 71; Brownson v. Gleason, 7 Barb. 472 ; Coke upon Litt. 210 ; 2 Pars. on Cont. 160–2, first ed.)

*Carr,* for defendant in error.

LOVELACE, Judge, delivered the opinion of the court.

This action is founded upon a written contract, of which the following is a copy:

"Hannibal, July 16, 1855. I have this day bought of B. Stillwell, five hundred good corn fat hogs, weighing two hundred pounds and over, at five dollars per hundred pounds net, to be delivered on or before the first day of January, 1856, in Hannibal, to be delivered in lots as they usually come in. (Signed,) Thomas Bowling."

Between the day of execution of the contract and the day on or before which the hogs were to be delivered, the plaintiff notified the defendant that he had one hundred hogs at the packing-house of Shields, Stillwell & Co., in Hannibal, which he proposed to deliver on his contract; and that the defendant refused to receive them at that place, but gave immediate notice to the plaintiff that he was now receiving his hogs at the pork-house of Samuels & Moss, which was also in the city of Hannibal.

Upon this evidence the court instructed the jury to the effect, that the defendant might select any reasonably convenient place in the city of Hannibal for the delivery of the hogs under the contract, and that it was the duty of the plaintiff to deliver them at the place thus appointed by the defendant.

The plaintiff then took a non-suit with leave, and afterwards moved to set the same aside; which being overruled by the court, the case is brought here by writ of error.

The only question involved is as to the place of delivery. Which party had the right, under the contract, to appoint the place of delivery in the city of Hannibal? The rule seems to be for the delivery of portable articles, if neither time nor place is fixed by the contract, but they are to be delivered on demand, then they are to be delivered at the place where they are at the time of the sale, such as the store of the merchant, the shop of the manufacturer or mechanic, and the farm or granary of the farmer at which they are depos-

ited or kept. And the reason is that the party to receive is to be the first actor by going to demand the articles, and until then the other party is not in default by omitting to tender them. But the reverse of this is the case, where, though the place is not fixed, the time on or before which the vendor binds himself to deliver the articles is stipulated in the contract, for then the party to deliver must become the first actor in order to fulfil his contract. It is said he must seek out the vendee at his residence, or place of business, and there tender the articles, to save himself from default. If the articles are cumbersome and inconvenient to transport, he must seek the vendee a reasonable time before the day of delivering, and ask him to appoint a place of delivery. (Barr v. Meyer, 3 Watts & Sarg. 295; Goodwin v. Holdbrook, 4 Wend. 380; Currier v. Currier, 2 N. H. 75; Brownson v. Gleason, 7 Barb. 472.)

It only remains, then, to see whether by the terms of this contract the place of delivery was fixed. If it was, both parties were bound by it; if it was not, then the defendant had the right to fix it according to the above rule. The contract calls for the city of Hannibal as the place of delivery, and that is a limitation on the parties as far as it goes. Neither party could go outside the city of Hannibal to fix a place of delivery; but still a wide margin is left for fixing the place of delivery. And is not this a mere limitation upon the party who has the legal right to fix the place of delivery, that he shall not go outside the city of Hannibal in fixing that place? This is the only view we can take of it. The very fact that the parties are now contending about the place of delivery, shows that no place was definitely fixed for the delivery of the hogs; and, according to the rule above laid down, the defendant had the right to appoint the place.

The instructions, then, of the court below were correct, and the judgment is affirmed. The other judges concur.